IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROGER MOORE,<br><br>Defendant. | Case No. CR11-0083<br><br>ORDER FOR PRETRIAL DETENTION |

On the 26th day of April, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Justin Aaron Lightfoot. The Defendant appeared personally and was represented by his attorney, Raphael M. Scheetz.

## RELEVANT FACTS

On April 19, 2011, Defendant Roger Moore was charged by Indictment (docket number 2) with possession of a firearm as a felon (Count 1), distribution of methamphetamine (Count 2), distribution of methamphetamine on premises where a minor child resides (Count 3), and possession of pseudoephedrine (Count 4). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 20, 2011.

Dave Beuter, a Sergeant in the Linn County Sheriff's Office, testified regarding the circumstances underlying the instant charges. On October 14, 2010, Beuter received a phone call from Bruce Trapp, Chief of Police for the Manchester, Iowa, Police Department, informing him that a methamphetamine transaction was going to occur that afternoon at Defendant's residence. Trapp identified the source of the information as a confidential informant.

1

Law enforcement followed a vehicle to Defendant's residence in rural Central City, Iowa. Chief Trapp called Sgt. Beuter and informed him the vehicle had arrived at Defendant's residence. Beuter drove by Defendant's residence and observed the vehicle and a female in the driver's seat. The vehicle was at Defendant's residence for only a short period of time.

After leaving Defendant's residence, Manchester police officers stopped the vehicle. Including the driver, there were four passengers in the vehicle. John Banken, one of the passengers in the vehicle, was searched and had methamphetamine and marijuana on his person. The passengers were interviewed, and informed the police officers that the methamphetamine was purchased from Defendant. Specifically, pseudoephedrine pills were traded for the methamphetamine.

Based on the information from the vehicle stop, law enforcement obtained a search warrant for Defendant's residence. When the search warrant was executed, Defendant denied selling methamphetamine. Instead, Defendant told law enforcement that he gave Banken marijuana. During the search, law enforcement found a gray lock box in Defendant's kitchen. Inside the lock box, law enforcement found drug paraphernalia, marijuana, a scale with methamphetamine residue, baggies, and two packages of pseudoephedrine.[1] Law enforcement also found an unloaded .22 caliber rifle in Defendant's bedroom. The rifle was leaning against the wall next to Defendant's side of the bed. Ammunition magazines were located near the rifle. Additionally, a Vikings water bottle containing ammunition was found on the night stand next to Defendant's side of the bed.

At the time of the search, Defendant was on probation. A drug test was administered and Defendant tested positive for methamphetamine and marijuana. Defendant's State Probation Officer recently told Sgt. Beuter that Defendant had tested positive for drugs 4 out of 5 times since December 2010. In March 2011, Defendant was

---

[1] The packages of pseudoephedrine matched the description given by the occupants of the vehicle which was stopped.

arrested for allegedly going to Manchester to trade marijuana for pseudoephedrine. Those state charges are pending.

According to the pretrial services report, Defendant is 50 years old. He has lived in eastern Iowa all of his life. He has lived at his current residence in Central City for 17 years. Defendant is married and has two children, ages 7 and 12. He also has one child from a previous marriage.

Defendant has been self-employed since 1998. His business includes recycling wood pallets and collecting and hauling junk. Defendant has been diagnosed with a seizure disorder since 1991. He suffers one to two seizures each year. He is prescribed Dilantin for his condition. Defendant has no past or present mental health or emotional concerns. Defendant admitted to the pretrial services officer that his marijuana use has been a "serious problem" for the past 20 years. Defendant also stated that he used methamphetamine four to five times in the past 3 months.

In March 1982, at age 21, Defendant was charged and later convicted of third degree theft. He was sentenced to a suspended 1 year prison term and 2 years probation. In March 1989, Defendant was charged and later convicted of possession of marijuana in Wheeler County, Texas. He was sentenced to 3 days in jail. In 1992, Defendant was charged and later convicted of driving while barred. In 1993, Defendant was charged and later convicted of keeping a disorderly house. In 1995, Defendant was charged and later convicted on two separate occasions of driving while suspended.

In May 1996, Defendant was charged and later convicted of conspiracy to distribute a controlled substance. He was sentenced to a suspended 5 year prison term and 5 years probation. In September 1999, while on probation for the conspiracy to distribute a controlled substance charge, Defendant was charged and later convicted of third degree theft. He was sentenced to 15 days in jail.

On January 14, 2003, Defendant was charged and later convicted of distribution of ephedrine. On July 9, 2003, Defendant was charged and later convicted of receipt, transport, and possession of a firearm as a felon. He was sentenced to a suspended 5 year

3

prison term and 2 years probation. On September 17, 2003, while on bond for the firearm charge, Defendant was charged and later convicted of third degree harassment.

On May 27, 2009, Defendant was charged and later convicted of gathering for use of marijuana. On February 15, 2010, Defendant was charged and alter convicted of second degree theft. On July 5, 2010, while the second degree theft charge was pending, Defendant was charged and later convicted of third degree theft and interference with official acts. On October 15, 2010, while on probation for the second degree theft charge, and while the third degree theft and interference with official acts charges were pending, Defendant was charged with dominion/control of a firearm by a felon and possession of drug paraphernalia.[2] Those charges remain pending in state court. On March 14, 2011, while on probation for the second degree theft charge, and while the third degree theft and interference with official acts charges were pending, Defendant was charged with two controlled substance violations, possession of pseudoephedrine, and possession of a controlled substance, and in a separate case, possession of drug paraphernalia. All of those charges also remain pending in state court.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this

---

[2] These state charges appear to arise from the same circumstances giving rise to the instant charges.

determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession of a firearm as a felon, distribution of methamphetamine, distribution of methamphetamine on premises where a minor child resides, and possession of pseudoephedrine, which are offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with possession of a firearm as a felon, distribution of methamphetamine, distribution of methamphetamine on premises where a minor child resides, and possession of pseudoephedrine. The weight of the evidence against Defendant on the firearm charge is strong. It is undisputed that

Defendant is a convicted felon. During a search of Defendant's residence, law enforcement found a .22 caliber rifle in Defendant's bedroom, next to his bed.

If John Banken's statements to law enforcement are believed, the weight of the evidence against Defendant on the drug charges is fairly strong. Banken and other occupants in a vehicle stopped coming from Defendant's residence, told law enforcement that Banken traded pseudoephedrine pills for methamphetamine with Defendant. Based on this information, law enforcement obtained a search warrant for Defendant's residence. In their search, law enforcement found a grey lock box which contained drug paraphernalia, marijuana, a scale with methamphetamine residue, baggies, and two packages of pseudoephedrine. These findings are consistent with the information provided by the occupants of the stopped vehicle. Another person present at the house during the alleged transaction, Ryan Bratten, recently told Sgt. Beuter that he saw Defendant pass "something white" to Banken.

The charges against Defendant are very serious. Defendant has repeatedly failed to follow the requirements of probation and pretrial release. Defendant has committed crimes while on pretrial release, most recently being arrested on multiple drug offenses in March 2011. Since December 2010, Defendant has tested positive for drugs 4 out of 5 times while on probation. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if she were released. Based on the serious nature and circumstances of the offense, Defendant's repeated failure to follow the requirements of pretrial release and probation, including continued drug use, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of

his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (April 25, 2011) to the filing of this Ruling (April 27, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 27th day of April, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA